**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

REGINALD LEON SOLOMAN,
　　　　　*Defendant-Appellant.*

No. 01-4244

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Margaret B. Seymour, District Judge.
(CR-99-417)

Submitted: April 16, 2002

Decided: July 10, 2002

Before WIDENER, WILKINS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Alan C. Drew, Laurel, Maryland, for Appellant. J. Strom Thurmond, Jr., United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Reginald Leon Soloman pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2001), but reserved his right to appeal the district court's denial of his motion to suppress evidence seized from his vehicle. On appeal, Soloman contends that his detention, after the initial stop of the car was completed, was in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. Finding no reversible error, we affirm.

We review the district court's factual findings underlying a motion to suppress for clear error, while reviewing the legal determinations de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, review of the evidence is made in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

On appeal, Soloman concedes that the initial stop of his vehicle for speeding was proper, and does not contest that the officers were provided probable cause to search his vehicle by the drug dog's alert. He argues, however, that his detention after the stop was completed to permit the drug dog's examination was a second, independent seizure that was not supported by any suspicion and was, therefore, unconstitutional. While we agree that, after he refused the officer's request for consent to search his vehicle, Soloman was detained by the officer, and such detention amounted to a seizure under the Fourth Amendment, we conclude that the seizure was justified by reasonable suspicion of illegal activity. *Rusher*, 966 F.2d at 876-77. Specifically, the officer testified that, when he initially approached Soloman's vehicle, he observed a partially consumed marijuana cigar and marijuana residue in plain view on the floorboard of the vehicle. This observation clearly provided reasonable suspicion that Soloman possessed marijuana, a controlled substance, and supported the brief detention of Soloman while the drug dog sniffed the exterior of the vehicle. The district court correctly denied Soloman's motion to suppress the cocaine seized during the subsequent search of his vehicle.

We accordingly affirm Soloman's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*